## Tod v. Benedict.

1. DEED: CONSTRUCTIVE NOTICE. A deed, duly recorded, imparts notice to subsequent purchasers.

2. PRINCIPAL AND AGENT. Where the principal sent money to his agents, to to be invested in real estate, which money the agents invested in the purchase of one lot, in which one of them was interested, taking a deed in the name of the principal for the same, and having it duly recorded, after which they caused the same grantor to convey to the principal another lot, the deed for which was duly executed and recorded, and the second conveyance was not ratified by the principal, it was held, that the agents cannot elect which deed they will have canceled.

3. AGENT: AUTHORITY: RATIFICATION. The authority to purchase real estate does not carry with it the power to sell the same; and an exchange of real estate by agents, without authority, can become valid only by a ratification by the principal, with full knowledge of the facts.

*Appeal from Webster District Court.*

MONDAY, APRIL 11.

THIS is a suit in equity to cancel a deed for lot 5 in block 40 in Fort Dodge, made by Jennie J. Williams and

William Williams, her husband, to the defendant, June 4th, 1857. Decree for plaintiff and defendant appeals. The facts are sufficiently stated in the opinion.

*John Garaghty* for the appellant.

*John F. Duncombe* for the appellee.

COLE, J. — On the 15th of April, 1857, the defendant, who then and ever since that time, has lived in Ohio, sent a draft on New York for $250 to Williams, Henn & Co., land agents, &c., of Fort Dodge, for investment in lands at the United States Land Office at that place. On the 30th of April, Williams, Henn & Co., acknowledged the receipt of the draft, but recommended its investment "in town property along the line of the Dubuque and Pacific Railroad so as to make it pay better than in lands outside," and await his further order. On May 13th, defendant answered this letter and gave to Williams, Henn & Co., discretion as to the manner of investment, and leave " to invest it, loan it or return it." Thereupon Williams, Henn & Co. invested the amount, $250, in lot 5, block 40 in Fort Dodge, the title to which was in Jennie J. Williams, wife of William Williams, who was one of the firm and managing partner of Williams, Henn & Co.; and on June 4th, 1857, the deed was duly made out, signed and acknowledged. On the 6th of June, Williams, Henn & Co. wrote to defendant, "we have purchased for you a lot for $250, which is now worth $300, at the rates lots are selling; 'tis a very beautiful lying lot, near the Railroad location, and a *corner lot*, viz.: lot No. 5, in block No. 40. We will forward to you the deed as soon as it can be recorded," &c. On the 8th of June the deed was filed for record and duly recorded. On the 17th day of July, 1857, (as per date of deed), Jennie J. Williams and William Williams, made and acknowledged another deed to defendant for lot 7 in

block 35, in consideration of $250 (as stated). On the 14th of September, 1857, the defendant wrote to Williams, Henn & Co., acknowledging the receipt of their letter of date June 6th, and inquiring for his deed and stating that, "thinking it may have miscarried, I have written this to inform you that I have not yet received it, and to request a copy from the records if it has been lost." The last deed was filed for record September 28th, 1857, and duly recorded. On the 1st of October, Williams, Henn & Co. wrote defendant acknowledging the receipt of his letter of September 14th, and after apologizing for delay, saying, "we now enclose to you the deed recorded for lot 7, block No. 35. Since the first selection of a lot for you, the final location of the Railroad has been made and cut the lot in two, or indeed cut it up. We got it exchanged for the one you have the inclosed deed for. This lot is well located and not more than 150 feet from the Railroad location; it must become valuable."

The proof in the case shows that Williams, Henn & Co. did not invest for any one in any town lots except at Fort Dodge, and that there was no change of location of the Railroad in 1857; that lot 7, block 35, was not a corner lot and was the lot cut up by the Railroad as located; more than half of it being taken by it; and that lot 5 in block 40 was a corner lot about 150 feet from the Railroad as located; that the defendant through his agents paid the taxes on lot 7, block 35, up to 1861, and wrote letters to different persons claiming that as his lot; but there is no evidence that he had any knowledge of the facts in relation to the lots, their location or value, or that one of his agents was his grantor, and indeed his entire ignorance of all these matters is not controverted.

Under date of April 10th, 1861, Jennie J. Williams and William Williams conveyed lot 5 in block 40 to the plaintiff for the receipted consideration of $160 and in July,

1861, this suit was brought by the attorney for the grantors "with consultation with Mr. Tod, the plaintiff."

The record of the deed to the defendant for the lot in controversy was constructive notice to the plaintiff of the defendant's title thereto, and he took the same charged with all the equities which pertained to said lot as against his grantors.  A careful examination of all the evidence in the case has brought us unhesitatingly to the conclusion that the first deed to defendant was duly executed, delivered and recorded, and that Williams, Henn & Co. while acting as agents for the defendant made the purchase of the property in controversy, in which they or one of them was probably interested, without the knowledge of that fact by their principal, and without any ratification, with knowledge, by the principal, of their acts as agents.  In such case the agents having made conveyance of two lots although in fact they may have been paid for only one, cannot, as against their principal, make the selection of the lot they will retain, or elect which deed they will have canceled.

The purpose and authority of the agency was to invest the money, and after the agents had made the investment by the purchase of lot 5 in block 40, and taken a deed therefor, their agency terminated.  The subsequent exchange of that lot for the other was without authority on the part of the agents, and the principal could only be bound thereby, upon a ratification by him with knowledge of the facts.  Any indirect or apparent ratification upon a gross misrepresentation of the facts ought not to bind him, and especially as against his agents or their grantees with notice.

The decree of the District Court is, therefore, reversed; and a judgment will be entered in this Court dismissing the plaintiff's petition absolutely and for costs.

Reversed.